United States Courts
Southern District of Texas
FILED

DEC 06 2018

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **UNDER SEAL**    **18 CR 699** |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| | § | 18 U.S.C. § 2 |
| | § | 18 U.S.C. § 2320(a)(4) |
| SAAD SAID | § | 21 U.S.C. § 331(a) |
| | § | 21 U.S.C. § 333(a)(2) |

## INDICTMENT

THE GRAND JURY CHARGES:

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INTRODUCTION

At all times material to this indictment:

1.      **SAAD SAID,** defendant herein, was a resident of the Southern District of Texas.

2.      The Federal, Food, Drug, and Cosmetic Act (FDCA) regulated the importation, delivery, distribution, labeling, and receipt of drugs in interstate commerce. The United States Food and Drug Administration (FDA) was a Federal agency responsible for protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans were safe and effective. The responsibilities of the FDA included enforcement of the FDCA.

3.      Under the FDCA a drug included, (1) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man, and (2) articles other than food, intended to affect the structure or any function of the body of man. Under the FDCA a counterfeit drug was a drug, a drug's container, or the label of a drug, which without authorization, bore the trademark, trade name, and any other identifying mark, imprint, device, and any likeness thereof, upon it, and which thereby falsely purported and represented to be an authorized product of the

authorized drug manufacturer, processor, packer and distributor. Under the FDCA a misbranded drug was any drug with misleading labeling or labeling that was false in any manner. Labeling under the FDCA included all labels and other written, printed, or graphic matter upon any article, and upon any of the drug containers, wrappers, and accompanying articles.

4.      The United States Patent and Trademark Office (USPTO) was the Federal agency that granted United States' patents, registered trademarks, and maintained the principal register of that agency. A trademark was a word, name, symbol, device, and combination thereof, used by a person, to identify and distinguish goods from those manufactured or sold by others, and to indicate the source of the goods. A counterfeit mark was a spurious mark that was identical or substantially indistinguishable from a mark in use and registered on the principle register of the USPTO, that was applied to or used in connection with the goods, documentation, and packaging for which the mark was registered, and the use of which would likely cause confusion, mistake, or deceive.

5.      Viagra® was a drug as defined by the FDCA that the FDA approved for distribution and use, subject to certain conditions, within the United States. Pfizer Inc., (Pfizer) held the trademarks for Viagra® and registered the Viagra® trademarks on the principal register of the USPTO. Viagra® was a prescription medication.

6.      Cialis® was a drug as defined by the FDCA that the FDA approved for distribution and use, subject to certain conditions, within the United States. Eli Lilly and Company (Eli Lilly) held the trademarks for Cialis® and registered the Cialis® trademarks on the principal register of the USPTO. Cialis® was a prescription medication.

7.      FedEx Corporation was a multinational delivery service that received and delivered packages and which had a headquarters in Memphis, Tennessee.

8.     UPS, also known as United Parcel Service, was a multinational delivery service that received and delivered packages, and which had a headquarters in Sandy Springs, Georgia.

## COUNT ONE
### Trafficking in counterfeit goods
### 18 U.S.C. §§ 2, 2320(a)(4)

1.     Beginning on or about January 19, 2018, and continuing to on or about March 23, 2018, in the Southern District of Texas, and elsewhere, the defendant, **SAAD SAID,** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally traffic in counterfeit drugs, specifically, approximately 1,146 counterfeit Viagra tablets bearing Pfizer trademarks used to identify the prescription drug Viagra and which counterfeit marks were identical with and substantially indistinguishable from the genuine marks in use and registered for Viagra on the principle register of the USPTO, and the use of which marks were likely to cause confusion, mistake, and deception, in violation of Title 18, United States Code, Section 2320(a)(4), and Section 2.

## COUNT TWO
### Trafficking in counterfeit goods
### 18 U.S.C. §§ 2, 2320(a)(4)

1.     Beginning on or about January 19, 2018, and continuing to on or about May 09, 2018, in the Southern District of Texas, and elsewhere, the defendant, **SAAD SAID,** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally traffic in counterfeit drugs, specifically, approximately 3,947 counterfeit Cialis tablets bearing Eli Lilly trademarks used to identify the prescription drug Cialis, and which counterfeit marks were identical with and substantially indistinguishable from the genuine marks in use and registered for

Cialis on the principle register of the USPTO, and the use of which marks were likely to cause confusion, mistake, and deception, in violation of Title 18, United States Code, Section 2320(a)(4), and Section 2.

### COUNT THREE
**Introducing Misbranded Drugs Into Commerce**
**21 U.S.C. §§ 331(a), 333(a)(2), and 18 U.S.C. § 2**

1.        On or about March 22, 2018, in the Southern District of Texas, and elsewhere, the defendant, **SAAD SAID,** aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce prescription drugs that were misbranded, namely approximately 648 counterfeit Viagra tablets that were marked in a manner to falsely represent that the tablets were genuine Viagra tablets when they were not, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

### COUNT FOUR
**Introducing Misbranded Drugs Into Commerce**
**21 U.S.C. §§ 331(a), 333(a)(2), and 18 U.S.C. § 2**

1.        On or about May 8, 2018, in the Southern District of Texas, and elsewhere, the defendant, **SAAD SAID,** aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce prescription drugs that were misbranded, namely approximately 2,432 counterfeit Cialis tablets that were marked in a manner to falsely represent that the tablets were genuine Cialis tablets when they were not, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2323

1.  Pursuant to Title 18, United States Code, Section 2323(b)(1), the United States gives notice to defendant **SAAD SAID** that upon conviction for a violation of Title 18, United States Code, Section 2320, as alleged in this Indictment, the United States intends to seek forfeiture of any article, the making or trafficking of which is prohibited by that section; any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; and all property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

1.  The United States gives notice that it will seek a money judgement against the Defendant. In the event that one or more of the conditions listed in Title 21, United States Code, Section 853(p) exist, the Untied States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

By:
Thomas H. Carter III
Assistant United States Attorney